**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| HORIZON HOBBY, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Border Protection; and the UNITED STATES<br><br>Defendants. | : | Court No. 26-05054 |

**COMPLAINT**

1. Plaintiff Horizon Hobby, LLC ("Plaintiff") is an importer of goods subject to the challenged duties.

2. Pursuant to Executive Orders by President Trump asserting authority under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.*, commencing on February 4, 2025, the United States imposed upon importers an obligation to pay duties on goods imported from nearly every country, including countries from which Plaintiff sources its imports.

3. Consistent with the Executive Orders, corresponding amendments to the Harmonized Tariff Schedule of the United States ("HTSUS"), and guidance from the U.S. Customs and Border Protection ("CBP"), Plaintiff deposited IEEPA duties with CBP on Customs entries of merchandise for which it is the importer of record.

4. On February 20, 2026, the U.S. Supreme Court struck down these tariffs, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v.*

*Trump*, 607 U.S. 229, 255 (2026) (affirming V.O.S. *Selections, Inc. v. Trump,* 149 F 4th 1213 (Fed. Cir. 2025)). The Supreme Court also confirmed that challenges to the IEEPA duties fall "within the exclusive jurisdiction of" the Court of International Trade. *Id*. at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

5. Plaintiff seeks an order from this Court granting the relief necessary to ensure that Plaintiff secures a refund of all IEEPA duties finally determined to have been imposed and collected unlawfully as well as pre-judgment and post-judgment interest as provided by law.

**PARTIES**

6. Plaintiff Horizon Hobby, LLC is a U.S. entity that imports various products from a variety of other countries and has deposited IEEPA duties with CBP on Customs entries of merchandise for which Plaintiff is the importer of record.

7. Defendant United States Customs and Border Protection is an entity within the United States Department of Homeland Security. CBP is the agency responsible for the collection of customs duties from importers and the final determination of duties, taxes, and fees the importer owes as a result of the importation.

8. Defendant Rodney S. Scott is the Commissioner of CBP and is the individual who will effectuate the relief sought in this action in his official capacity.

9. Defendant United States is the party that has received the illegally collected IEEPA duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## JURISDICTION AND STANDING

10. The Court of International Trade has subject-matter jurisdiction over this action under 28 U.S.C § 1581(i)(1)(B). *See Learning Resources*, 607 U.S. at 240, n.1.

11. Plaintiff is the importer of record of merchandise on which CBP collected the IEEPA duties challenged in this action. Plaintiff has suffered injury as a result of the collection of illegally imposed IEEPA duties. The relief Plaintiff seeks will redress its injury. Plaintiff, therefore, has standing to bring this lawsuit.

## TIMELINESS

12. An action under 28 U.S.C. § 1581(i) must be brought within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

13. The initial IEEPA duties covering products imported from Canada, Mexico, and China came into effect for merchandise imported on or after 12:01 a.m. eastern time of February 4, 2025. See Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Executive Order 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Executive Order 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

14. Plaintiff commenced this action within two years of February 4, 2025, the earliest date on which the cause of action can arguably have accrued and is, therefore, timely.

## GENERAL PLEADINGS

### A. The IEEPA Tariff Orders

15. On February 1, 2025, the President issued three Executive Orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each Executive Order was premised on IEEPA authorizing the tariffs. Collectively, these are referred to in this Complaint as the "Trafficking Tariff Orders." Pursuant to these orders, CBP assessed additional IEEPA duties upon Plaintiff's entries.

16. The President subsequently modified the China Trafficking Tariff Order.[2]

17. On April 2, 2025, the President issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*.[3] The Reciprocal Tariff Order imposed a 10 percent baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id.*, at Annex I. These higher country-specific tariffs range from 11 percent to 50 percent. *Id.*

18. The President subsequently modified the Reciprocal Tariff Order.[4]

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9, 117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9, 113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025)

[2] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[3] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] Exec. Order No. 14200, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 15, 2025).

19. On July 30, 2025, the President issued Executive Order 14323, 90 Fed. Reg. 37739, *Addressing Threats to the United States by the Government of Brazil*, imposing an additional ad valorem duty rate of 40 percent on certain products of Brazil.

20. On August 6, 2025, the President issued Executive Order 14329, 90 Fed. Reg. 38701, *Addressing Threats to the United States by the Government of the Russian Federation*, imposing an additional ad valorem duty rate of 25 percent on certain products of India.

21. Through these Executive Orders, Defendants directed changes to the HTSUS requiring goods subject to the challenged tariffs to be entered under new HTSUS codes.

22. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). This Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed. The Federal Circuit's decision was, in turn, affirmed by the Supreme Court on February 20, 2026.

23. The President, invoking IEEPA, issued Executive Orders imposing additional IEEPA duties and modifying others. As explained below, IEEPA does not authorize the President to impose tariffs. By this complaint, Plaintiff challenges those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported from countries with whom Plaintiff does business and regarding which Plaintiff has paid IEEPA duties (thus causing Plaintiff injury), and which the Supreme Court already has held are unlawful.

**B. <u>CBP's Implementation of the IEEPA Tariff Orders</u>**

24. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

25. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs, including IEEPA duties, on the imported goods based upon the tariff classification of the goods, according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

26. "Liquidation" means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

27. Once liquidation has occurred, an importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decisions encompassed therein. 19 U.S.C. § 1514(a).[5] CBP can also voluntarily reliquidate an entry within 90 days of liquidation. See 19 U.S.C. § 1501.

28. In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025) ("*AGS*"), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to IEEPA duties. In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025). In a third action, *Strato Technology Solutions, LLC v. United States et al,* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade), the Government represented that

[5] CBP's liquidation of entries is normally a protestable decision unless it acts in a ministerial capacity, such as when it liquidates antidumping or countervailing duties. *See Mitsubishi Elecs. Am. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994).

"defendants have made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."

**C. <u>The Supreme Court Has Held that IEEPA Duties Are Unlawful</u>**

29. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 et seq., the National Emergencies Act, 50 U.S.C. § 1601 et seq., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

30. None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect IEEPA duties.

31. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections*, holding that IEEPA did not authorize assessment of IEEPA duties. This Court permanently enjoined the government from enforcing IEEPA duties at issue in that case.

32. On appeal, the Federal Circuit stayed this Court's decision. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that IEEPA duties are unlawful. *See V.O.S. Selections*.

33. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Re*sources. That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*, and consolidated the cases.

34. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, Slip Op. at 20.

**D. Continuing Litigation and Refund Process Updates After Supreme Court Decision**

35. On April 20, 2026, CBP launched the first phase of its Consolidated Administration and Processing of Entries ("CAPE") system in its Automated Commercial Environment aimed to process refunds of certain categories of unliquidated and liquidated entries. On June 29, 2026, CBP launched the second phase of CAPE, which accepted additional categories of entries for refund processing. CBP has indicated that it intends to expand the categories of entries accepted in CAPE for refunds in future phases, including on entries for which liquidation is final.[6]

36. On July 15, 2026, this Court issued an order, in a related action, stating its intention that, "In connection with the anticipated launch of CAPE Phase 3, development of which is ongoing, the court will enter an order that directs Customs to liquidate certain finally liquidated entries in accordance with a procedure that will be outlined in the order" and that the "order will be entered in each of the approximately 3,700 IEEPA cases assigned to the court." *Euro-Notions Florida, Inc. v. U.S. Customs and Border Protection, et. al.,* No. 25-595, ECF No. 46 at 2 (Ct. Int'l Trade July 15, 2026).

37. Also on July 15, 2026, this Court issued an order in Princess Awesome, LLC, ordering CBP to reliquidate, without IEEPA duties, any and all of the plaintiffs' entries that

[6] For example, in its IEEPA Duty Refunds website, CBP provides that it is working toward expanding functionality for additional types of entries in subsequent phases of CAPE, including, for example, entries "for which liquidation is final." See CBP website, International Emergency Economic Powers Act (IEEPA) Duty Refunds, available at https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds (last visited Oct. 14, 2026).

have been liquidated for more than 80 days and on which plaintiffs made estimated deposits pursuant to IEEPA. ECF No. 25.

38. The Court has since issued numerous reliquidation orders in additional cases. *See, e.g., Luxury Brands Holdings Inc. v. United States*, No. 26-219, ECF No. 10 (Ct. Int'l Trade July 21, 2026). In the reliquidation orders, this Court states that, "At various points and in various proceedings, the Government has represented that it will refund estimated IEEPA duty deposits to Plaintiffs that challenge the duties in court." *Princess Awesome, LLC*, ECF No. 25 at 2. The Court explains that, "To date, it has been the Government's position that a court order directing the reliquidation of entries, whose liquidation has become final, would be necessary to provide the Government with the authority to reliquidate these finally liquidated entries and thus to provide complete relief to Plaintiffs in the cases." ECF No. 25 at 2 (footnote omitted).

39. The Court has since repeatedly issued reliquidation orders in thousands of filed cases, and CBP has initiated CAPE Phase 3 on a rolling basis to cover certain Plaintiffs with reliquidation orders who submitted to CBP importer of record numbers by July 30, 2026, and subsequently August 14, 2026. *Freestyle World Inc. v. U.S. Customs and Border Protection*, No. 26-01088, ECF No. 65 at 4. There is no distinction between the claims raised in those filed cases and the claims raised by Plaintiff here.

**E. <u>Plaintiff Paid IEEPA Duties</u>**

40. Plaintiff's imports subject to IEEPA duties entered the United States under HTSUS Chapter 99 codes implemented and administered by CBP.

41. As of the date of this Complaint, Plaintiff has paid IEEPA duties imposed by the IEEPA Tariff Orders.

# CLAIMS

## COUNT ONE

## THE CHALLENGED IEEPA TARIFFS ARE WITHOUT LAWFUL SUPPORT AND ARE UNENFORCEABLE

42. Plaintiff incorporates paragraphs 1-41 above.

43. Per the conclusion of the U.S. Supreme Court in *Learning Resources*, and this Court and the Court of Appeals for the Federal Circuit in *V.O.S.*, IEEPA does not include a valid delegation authorizing the President to impose the challenged tariffs.

44. Plaintiff seeks an order from this Court applying the binding decision of the Supreme Court finding the challenged IEEPA tariffs to be unlawful, enjoining the CBP from any further collection of them, and ordering CBP to refund all IEEPA duties Plaintiff has deposited, with interest as provided by law.

## COUNT TWO

## DECLARATORY RELIEF

45. Plaintiff incorporates paragraphs 1-41 above.

46. Plaintiff is the importer of record of merchandise imported into the United States and has deposited with CBP duties resulting from the challenged Executive Orders and IEEPA tariffs.

47. Plaintiff has, therefore, been injured by the imposition and collection of invalid IEEPA tariffs.

48. The challenge to the validity of the IEEPA tariffs is an actual controversy before this Court.

49. This Court has authority under 28 U.S.C. § 2201(a) to declare Plaintiff's rights and legal relations with respect the challenged IEEPA tariffs.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

a) Order CBP to reliquidate with no assessment of IEEPA duties any of Plaintiff's entries that have previously been liquidated with IEEPA duties and to refund to Plaintiff the duties collected from Plaintiff on all such entries subject to IEEPA duties, with interest as provided by law;

b) Order CBP to liquidate with no assessment of IEEPA duties all of Plaintiff's unliquidated entries subject to IEEPA duties and to refund to Plaintiff the duties collected from Plaintiff on all such entries subject to IEEPA duties, with interest as provided by law;

c) Award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

d) Grant such further relief as this Court deems proper.

Respectfully submitted,

/s/ Brian J. Murphy
Brian J. Murphy

Dated: November 6, 2026

MILLER & COMPANY P.C.
4929 Main Street
Kansas City, Missouri 64112

*Counsel to Horizon Hobby, LLC*